IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV254-1-MU

| | |
|---|---|
| WILLIAM T. HENDERSON,           )<br>                                                  )<br>        Petitioner,                          )<br>                                                  )<br>    v.                                           )<br>                                                  )<br>JENNIFER H. LANGLEY, admin.,   )<br>                                                  )<br>        Respondent.                        )<br>_____)  | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus, Petitioner's Application to Proceed In Forma Pauperis, Petitioner's Motion for Appointment of Counsel, and Petitioner's Motion for Funds to Hire an Expert, all filed June 19, 2006.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the information provided in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

According to the information filed by Petitioner, he pled guilty to First Degree Rape and Taking Indecent Liberties with a Child in Mecklenburg County Superior Court. On May 24, 2001, Petitioner was sentenced to 269 to 332 months imprisonment. Petitioner did not directly appeal his sentence or conviction to the North Carolina Court of Appeals. On May 7, 2004, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court of Mecklenburg

County which was denied on July 8, 2005.  On October 5, 2005, the North Carolina Court of Appeals denied Petitioner's Petition for Writ of Certiorari   On June 19, 2006, Petitioner filed the instant federal habeas petition with this Court.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect.  The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion.  28 U.S.C. § 2244(d)(1).  Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending.  28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final in early June 2001.  He therefore had until early June 2002, to file his federal Petition for a Writ of Habeas Corpus.  28 U.S.C. § 2244(d)(1)(A).  Petitioner, however, did not file his federal habeas petition until well after this date and therefore this Court finds that his petition is untimely.

In his federal habeas petition, Petitioner argues that his petition is timely filed because it was filed within one year of the conclusion of his state post-conviction proceedings.  Petitioner misunderstands the law.  Petitioner's MAR and Petition for a Writ of Certiorari did not operate to toll the running of the AEDPA's statute of limitations until the MAR was filed.  Because Petitioner waited approximately three years to file his MAR the statute of limitations had already expired.  See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).[1]

---

[1] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state

Petitioner also requests that the Court provide him with court-appointed counsel and funds to hire an expert. Petitioner's requests are mooted by the dismissal of his petition. Consequently, Petitioner's Motion for Appointment of Counsel and Motion for Funds to Hire an Expert are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis is **GRANTED**;

2. Petitioner's Motion for Appointment of Counsel is **DENIED**;

3. Petitioner's and Motion for Funds to Hire an Expert is **DENIED**; and

4. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

Signed: June 21, 2006

Graham C. Mullen
United States District Judge

---

has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, the form used by Petitioner informed him of AEDPA's limitation period and asked him to state why the limitation period did not bar his petition. Petitioner provided an argument as to why his petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of his petition -- albeit unsuccessfully -- the Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.