IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV254-1-MU

| | |
|---|---|
| WILLIAM T. HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JENNIFER H. LANGLEY, admin., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Reconsider, filed July 3, 2006.

On June 21, 2006, this Court dismissed Petitioner's federal habeas petition as untimely. Petitioner has filed the present Motion to Reconsider arguing that the Anti-Terrorism and Effective Death Penalty Act is unconstitutional as it applies to state court prisoners. Petitioner cites to no direct precedential authority for the proposition that AEDPA is unconstitutional as it applies to state prisoners and this Court declines to so rule.

In addition, Petitioner argues that his limitation period should not have started to run until the conclusion of his post-conviction proceedings. Petitioner is mistaken. The statute specifically sets forth that AEDPA's limitation period begins to run from "that date on which the judgment became final upon the conclusion of direct review or the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute also specifically states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period f limitation under this subsection." 28 U.S.C. § 2244(d)(2).  Thus the statute is quite clear that AEDPA's limitation period is running in the interim between the conclusion of direct review and the filing of a post-conviction motion.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Reconsider is **DENIED.**

Signed: August 1, 2006

Graham C. Mullen
United States District Judge